UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARK SULLIVAN,

                     Plaintiff,

     -v-

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Officer ("P.O.") JOSE REYNA
(Shield No. 012126), P.O. ADRIAN J RAMOS (Shield
No. 027579), P.O. JOHN DOE ORTIZ, P.O. JOHN DOE
GONZALEZ, and Sergeant John Doe,
in their individual capacities,

                     Defendants.
-----------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 16-CV-326

      Plaintiff Mark Sullivan, by his attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendant claims for false arrest, false imprisonment, retaliation, and malicious prosecution under the laws of the State of New York.

2. Plaintiff Mark Sullivan's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

7. Consistent with the requirements of New York General Municipal Law § 50-e, Mr. Sullivan filed a timely Notice of Claim with the New York City Comptroller on or about July 17, 2015 within 90 days of the accrual of his claims under New York law. Thus, this Court has supplemental jurisdiction over Mr. Sullivan's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. Mr. Sullivan's claims have not been adjusted by the New York City Comptroller's Office.

## PARTIES

9. Plaintiff Mark Sullivan is, and was at all times relevant to this action, a resident of the County of Bronx in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. NYPD Officer ("P.O.") Jose Reyna (Shield No. 012126), P.O. Adrian J. Ramos (Shield No. 027579), P.O. John Doe "Ortiz", P.O. John Doe "Gonzalez", and Sergeant John Doe (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued herein in their individual and official capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

16. The true name and shield number of defendants P.O. John Doe "Ortiz", P.O. John Doe "Gonzalez", and Sergeant John Doe are not currently known to the plaintiff.[1] However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true name and shield number of said defendants becomes known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

### Incident One

17. Mr. Sullivan was unlawfully detained by P.O. John Doe "Ortiz" (hereinafter "P.O. Ortiz") and P.O. John Doe "Gonzalez" (hereinafter "P.O. Gonzalez") while walking with his fiancé and friend on May 5, 2015, on Third Avenue in Bronx County in the State of New York.

18. Mr. Sullivan reported the illegal searches and misconduct by P.O. Ortiz and P.O. Gonzalez to the CCRB and IAB.

19. Mr. Sullivan was thereafter interviewed in regards to his report of misconduct by P.O. Ortiz and P.O. Gonzalez.

### Incident Two

20. On May 13, 2015, Mr. Sullivan was unlawfully arrested by P.O. Ortiz and P.O. Gonzalez while walking on 146th Street at Third Avenue in Bronx County in the State of New York.

21. Mr. Sullivan had filled his monthly prescriptions in the morning and was returning from having met his fiancé.

22. Suddenly, a patrol car pulled up to the sidewalk and two officers, upon information and belief P.O. Ramos and P.O. Reyna, exited the vehicle.

23. The officers searched Mr. Sullivan, pulling out his waistband and looking inside his pants.

24. A police van pulled up and P.O. Ortiz and P.O. Gonzalez exited with Sergeant John Doe.

25. The officers opened Mr. Sullivan's backpack, removing his prescription bottles of medication.

26. One of the officers opened a prescription bottle and removed pills, placing those pills into an envelope.

27. An officer stated "He was selling to him" and pointed to a stranger, Ron Roe, on the street with whom Mr. Sullivan had no interaction.

28. The Officers grabbed Ron Roe who screamed and resisted.

29. Both Mr. Sullivan and Ron Roe were handcuffed and placed into the police van.

30. Mr. Sullivan was charged with felony sale of a controlled substance, bail was set, and he was transferred to Rikers where he was held for six days.

31. All charges against Mr. Sullivan were dismissed on June 30, 2015.

32. The charges against Mr. Sullivan were based upon the false statements of P.O. Ramos and P.O. Reyna, and in retaliation for Mr. Sullivan's lawful reporting of misconduct by P.O. Ortiz and P.O. Gonzalez.

33. P.O. Ortiz, P.O. Gonzalez, and Sergeant John Doe failed to intervene in the unlawful arrest of Mr. Sullivan.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
(Against the individual defendants)

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. By their conduct and actions in falsely arresting plaintiff, arresting plaintiff in retaliation for protected activity, fabricating evidence, abuse of process, malicious prosecution, and by failing to intercede to prevent the complained of conduct, the individual defendants, acting

under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

36. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York)

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

40. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as

guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

41. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (Against all Defendants)

42. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. By the actions described above, the individual defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, maliciously prosecuted plaintiff, and abused process.

44. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

46. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

47. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: January 13, 2016
New York, New York

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
e: Gillian@DRMTLaw.com